IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMILY APODACA and JOSHUA
MANKER, Co-Personal Representatives
of the Wrongful Death Estate of Randy
Manker, Deceased; ZACKERY WELLS
and MICHELLE WELLS, Co-Personal
Representatives of the Wrongful Death
Estate of Regina Manker,

        Plaintiffs,

  vs.                                    CIVIL NO.   09-684 MCA/LFG

FERNANDO MOLINAR and JOSE
VALENCIANO SALAZAR, dba
Tico's Transportation,

        Defendants.

## ORDER QUASHING SERVICE OF PROCESS

THIS MATTER is before the Court on problems relating to Plaintiffs' attempted service of process on Fernando Molinar ("Molinar")[Docs. 10 and 26].  Both documents relate to alleged defective service of process.

In a special appearance to challenge purported service of process, Molinar demonstrated that the attempt to serve him by certified mail at 110 E. Second Square, San Bernardino, California, on May 20, 2009 was ineffective, as he neither dwelt in nor resided at the 110 E. Second Square address.

Plaintiffs originally challenged the motion [Doc. 12, Response].  However, at a telephonic hearing conducted on March 29, 2010, Plaintiffs conceded that the attempted service on May 20, 2009 was defective.  Molinar did not reside or dwell at that address in 2009.

Thereafter, Plaintiffs sought to again serve Molinar at a different address. Plaintiffs' process server submitted a return indicating that there was personal service on Molinar. [Doc. 31, Attachments.] However, the process server's subsequent affidavit shows that he did not personally serve Molinar. Instead, the process server contends that he handed the papers to Sandra Martinez, allegedly Molinar's mother, at 271 E. King Street, San Bernardino, California, who then turned and handed the papers to Molinar. [Doc. 31, Ex. 1, Affidavit of Darrell O'Brien, p. 1, ¶ 2.]

The fact that the process server did not personally serve Molinar would not be a fact of consequence if Molinar resided at that location. Substitute service constitutes effective service and can be accomplished by handing the complaint and summons to a person of suitable age and reason residing in the defendant's residence. Thus, if Molinar lived at 271 E. King Street, San Bernardino, California, then service on Sandra Martinez, a resident of that address, would have been effective. Fed. R. Civ. P. 4(e)(2)(B).

However, Sandra Martinez challenges the process server's representations. First, she disputes that she is Molinar's mother, and states that Molinar is a "family friend who occasionally attends the same church as my family and me." Ms. Martinez further explains that Molinar "does not live at our residence, and has never lived or resided at our residence." [Doc. 33, Ex. 1, Supplemental Affidavit of Sandra Martinez, p. 2, ¶ 3]. Ms. Martinez asserts Molinar is homeless, and to her knowledge, resides at a neighborhood park. She contends that the process server visited her home and, on the date of the visit, Molinar was not present at her home when the process server arrived. She told the process server Molinar was not there and did not live there, and contends that the process server tossed the papers at her and "ran off." [Id. at ¶ 4.] There was no subsequent mailing of the papers submitted to Ms. Martinez at her residence. [Id. at ¶ 5].

Upon receipt of Defendants' challenge to the sufficiency of service, Plaintiffs did not provide any explanation or evidence that Ms. Martinez and Molinar were mother and son or that he resided at the Martinez home. At most, Plaintiffs' process server merely provided a physical description of the individual he asserts was at the residence.

The Court determines that Plaintiffs' purported service of process on Molinar at the E. King Street address through Ms. Martinez was ineffective as a matter of law. The Court reaches this decision because of the process server's conflicting information (statement that he effected personal service, when, on further examination, he sought to effect substitute service); the fact that the process server did not present any credible evidence demonstrating that Molinar resided at the Martinez residence on the date of service; and the sworn testimony of Ms. Martinez indicating that she is not related to Molinar and that he has never resided at her residence, did not dwell there on the date of service, is homeless and resides at a park.

IT IS THEREFORE ORDERED that the purported service of process at both addresses is quashed. [Docs. 10, 26.] The decision to quash the services moots the requests to dismiss this action.

                                            *Lorenzo F. Garcia*
                                            Lorenzo F. Garcia
                                            United States Magistrate Judge