IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMILY APODACA and JOSHUA
MANKER, Co-Personal Representatives
of the Wrongful Death Estate of Randy
Manker, Deceased; ZACKERY WELLS
and MICHELLE WELLS, Co-Personal
Representatives of the Wrongful Death
Estate of Regina Manker,

        Plaintiffs,

  vs.                                                      CIVIL NO.   09-684 MCA/LFG

FERNANDO MOLINAR and JOSE
VALENCIANO SALAZAR, dba
Tico's Transportation,

        Defendants.

## ORDER AUTHORIZING SERVICE OF PROCESS
## ON THE SECRETARY OF STATE

THIS MATTER is before the Court on Plaintiffs' opposed Motion for Service of Process [Doc. 30]. Plaintiffs contend that Fernando Molinar ("Molinar") was operating a 1997 blue semi-truck in Bernalillo County, New Mexico, when he was involved in an automobile accident on June 29, 2007. Plaintiffs further allege that Molinar is not a resident of the State of New Mexico and that they were unsuccessful in their attempts to effect service of process on Molinar in the State of California.

### Analysis

The pertinent New Mexico statute addressing service of process on nonresident motor vehicle operators is § 66-5-103 NMSA 1978. This statute provides when a nonresident motor vehicle operator accepts "the rights and privileges conferred by existing laws to operate motor

vehicles on the public highways of the state of New Mexico," that acceptance "shall be deemed equivalent to an irrevocable appointment by such nonresident . . . of the secretary of state of the state of New Mexico . . . to be his true and lawful agent, upon whom may be served all lawful process in any action or proceeding against said nonresident, growing out of any accident or collision in which said motor vehicle may be involved, while same is operated in the state of New Mexico by said nonresident . . . ."  Thus, when a non-resident chooses to use New Mexico's public highways, the driver is deemed to have irrevocably appointed the Secretary of State as the agent upon whom service of process may be served in an action relating to a motor vehicle.  New Mexico law further provides that service on the Secretary of State "shall be of the same legal force and validity as if served upon [the nonresident motor vehicle operator] personally . . . ." § 66-5-103 NMSA.

The pleadings before the Court indicate that Molinar is a non-resident; it is undisputed that he was operating a motor vehicle upon the public highways of the State of New Mexico and that his motor vehicle was involved in a collision.  By virtue of availing himself of the use of New Mexico's public highways, he irrevocably designated the Secretary of State as an agent for service of process.

Service on the Secretary of State, however, does not end the problem.  The statute, § 66-5-103, must be read in *pari materio* with the companion statute, § 66-5-104, which outlines the procedure involved in actions against non-resident owners or operators as discussed in 66-5-103.  This second statute acknowledges that a non-resident operator appoints the Secretary of State as a true and lawful agent for service of process, but still requires that a court order that service of process be made on the defendant ("a copy of the process, and complaint [which was served on the Secretary of State], and of said order, and a notice that the same has been served upon the secretary of state . . . be delivered to the defendant personally . . . ."). § 66-5-103 NMSA.

While the Court questions whether there is any benefit to a plaintiff under § 66-5-103 if the plaintiff must still serve process under § 66-5-104, suffice to say that the Court's responsibility is to interpret the law, not to create it.  *See* <u>Dresden v. District Court of the Second Judicial Dist.</u>, 45 N.M. 119, 112 P.2d 505 (1941).

Accordingly, the Court finds good cause to grant the motion and authorizes Plaintiffs to effect service of process on the Secretary of State within thirty days after entry of this Order.  The Court further orders Plaintiffs to deliver to Molinar notices and copies of the documents as required by § 66-5-104.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge